FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH L. RHODES,<br><br>             Plaintiff,<br><br>   v.<br><br>SVIHIL THUA, DMD, SHEENA WOOD, DMD, and CHAS DENNY MURPHY CLINIC,<br><br>             Defendants. | No. 2:24-CV-408-MKD<br><br>ORDER DISMISSING CASE |

On December 10, 2024, the Court issued an Order directing Plaintiff to show cause within 14 days as to why the Court should not dismiss this case for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3). ECF No. 6. Plaintiff did not respond to the Order.

On December 23, 2024, Plaintiff filed an Amended Complaint. ECF No. 8. Having reviewed the Amended Complaint, the Court finds it necessary to once again *sua sponte* consider whether it has subject matter jurisdiction over this matter. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may

ORDER - 1

raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."). For the reasons discussed below, the Court dismisses Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(h)(3).

Reviewing Plaintiff's allegations liberally, *see Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court does not have subject matter jurisdiction over this action. Plaintiff again appears to assert state law claims of "medical malpractice, medical negligence, breach of confidentiality, breach of duty of good faith, causation, and damages." ECF No. 8 at 11. However, diversity jurisdiction is lacking because Plaintiff and Defendants are all alleged to reside in Spokane County, Washington. 28 U.S.C. § 1332; ECF No. 8 at 2-3, 11-12 ¶¶ 1-4. Federal question jurisdiction is also lacking because the Complaint's claims do not arise "under the Constitution, laws, or treaties of the United States."[1] 28 U.S.C. § 1331.

Because subject matter jurisdiction is lacking, the Court must dismiss this action pursuant to Fed. R. Civ. P. 12(h)(3). The Court denies leave to further amend. *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)

---

[1] Plaintiff appears to purport the Sixth Amendment as the basis for jurisdiction. *See* ECF No. 8 at 3. However, Plaintiff's attempts to obtain counsel to represent her in this matter do not confer federal question jurisdiction.

ORDER - 2

(holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to the parties, and **CLOSE** the file.

DATED December 26, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 3